Opinion by
Hurt, J.
§ 617. Certificate of deposit; transfer of; liability of bank to owner for payment of, on forged transfer; liability of transferee in such case to the bank; case stated. Appellee deposited in the Milmo National Bank, at Laredo, $460, for which he received from the bank a certificate of deposit. He sent this certificate by his agent to San Diego to be shown to one Garcia, with whom appellee was negotiating for the purchase of sheep. The agent indorsed the certificate in the name of appellee, and without authority, to Gueydon Bros, for collection. They collected the money from the bank and paid it to said *542 agent, without any notice that said, agent’s indorsement to them of the certificate was a forgery. Appellee sued the bank to recover the money, and the bank made Gueydon Bros, parties, and asked for judgment over against them. Appellee recovered judgment against the bank as prayed for, and the bank recovered judgment against Gueydon Bros, as prayed. Both the bank and Gueydon Bros, appeal. Held: 1. There was no error in rendering the judgment in favor of appellee against the bank. 2. “A certificate of deposit is ordinarily a promissory note for the payment of an amount which if certifies to be deposited in bank.” [2 Danl. Neg. Inst. § 1698.] “As to the transfer of certificates of deposit, it must be governed by the same rules which control other promissory notes, and which vary according to the instrument’s form. If it be payable to bearer, it may be transferred by delivery; but if payable to order” (in this case the certificate was payable to appellee or his order), “it should be indorsed. And when payable to order, mere manual delivery, without indorsement or proof of valuable consideration, would not be evidence of title. The liability of an indorser is the same as upon the indorsement of any other promissory note.” [Id. § 1702.] If A. makes and delivers a note to the payee, ancl there is no signature upon it but his own, it is obvious, should it come into the hands of a bona fide holder thereafter, bearing at the time the forged indorsement of the payee, to whose order it was made payable, the maker could not be regarded as responsible for the forgery, or as warranting the genuiness of the signature, and no recovery could be had against him by such holder, as he would be unable to trace his legal title to the instrument; nor would he be justifiable in making payment to him, as the payee, not having indorsed the note, still holds the legal title, and could require payment to be made again to him, if without his indorsement it was paid to another; and under such circumstances A., the maker, may recover back from the party to whom he paid it; for the holder, by *543 the very act of assuming ownership and demanding its payment, impíiedly asserts, even though it be without his indorsement, that he has clear title, and is entitled to claim payment. [Danl. Neg. Inst. §§ 1354, 1355.] That G-ueydon Bros, received the certificate merely for collection, does not affect the question; for there is no evidence that the bank knew this fact. There was nothing on the certificate but what was consistent with the conclusion that they were the legal holders and owners, for value, of the certificate. The transaction between the Gueydon Bros, and the agent of appellee was unknown to the bank, and it could not be affected thereby. There is no error in the judgment in favor of the bank against Gueydon Bros.
February 4, 1885.
Affirmed.